```
                                            F I L E D
                                      CLERK, U.S. DISTRICT COURT

                                           10/01/2025

                                     CENTRAL DISTRICT OF CALIFORNIA
                                     BY:        LR        DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ARSHPREET SINGH,<br>　aka "Vicky Koshal,"<br>NARAYAN SINGH,<br>　aka "Harry Sandhu,"<br>BIKRAMJIT SINGH,<br>　aka "Randeep Omni,"<br>　aka "Harman Sidhu,"<br>VIKRAMJEET SINGH, and<br>HIMMAT SINGH KHALSA,<br><br>　　　　Defendants. | CR 2:25-cr-00804-AH<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1349: Conspiracy to Commit Wire Fraud; 18 U.S.C. § 371: Conspiracy to Commit Theft from Interstate or Foreign Shipments; 18 U.S.C. §§ 981(a)(1)(C), 982 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The Grand Jury charges:

### COUNT ONE

[18 U.S.C. § 1349]

[ALL DEFENDANTS]

A.　OBJECT OF THE CONSPIRACY

　　Beginning on an unknown date, but no later than March 2024, and continuing through at least June 2025, in Los Angeles, San

Bernardino, and Riverside Counties, within the Central District of California, and elsewhere, defendants ARSHPREET SINGH, also known as ("aka") "Vicky Koshal" ("A. SINGH"), NARAYAN SINGH, aka "Harry Sandhu" ("N. SINGH"), BIKRAMJIT SINGH, aka "Randeep Omni," aka "Harman Sidhu" ("B. SINGH"), VIKRAMJEET SINGH ("V. SINGH"), and HIMMAT SINGH KHALSA ("KHALSA"), conspired with each other and with others known and unknown to the Grand Jury to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

B.  MANNER AND MEANS OF THE CONSPIRACY

The object of the conspiracy was to be accomplished, in substance, as follows:

1.  Defendant A. SINGH, and others known and unknown to the grand jury, would purchase a carrier company (a "Carrier"), which is a company that specializes in transporting cargo for other individuals or companies ("shippers") and has a federal license that authorizes it to do so.

2.  Conspirators would then enroll the Carrier with load boards and freight brokers, which are companies that connected a cargo shipper with a carrier company that can transport cargo from one location to another.

3.  Conspirators, acting on behalf of a Carrier, would then bid to perform different shipments for shippers, and would be assigned to transport different cargo by load boards and/or freight brokers. Defendants A. SINGH, N. SINGH, B. SINGH, and others known and unknown to the grand jury, would also rent trailers to complete the cargo transportation.

4.  Defendants A. SINGH, N. SINGH, B. SINGH, V. SINGH, and KHALSA, and others known and unknown to the Grand Jury, would then

2

drive to the shipper in a tractor, typically bearing the Carrier's name and towing a trailer, sign an agreement to deliver the cargo to a particular location by a particular date, and receive the cargo into their trailer.

5. Defendants A. SINGH, N. SINGH, B. SINGH, V. SINGH, and KHALSA, and others known and unknown to the Grand Jury, would then leave the shipper with the cargo, which was frequently due to be delivered to a location in a state other than California. However, the conspirator would not deliver the cargo to its intended destination, effectively stealing the cargo.

6. After the cargo theft, conspirators would sometimes reuse the same tractors or trailers to commit other thefts.

C. OVERT ACTS

In furtherance of the conspiracy and to accomplish its object, on or about the following dates, defendants A. SINGH, N. SINGH, B. SINGH, V. SINGH, and KHALSA, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1: On May 25, 2024, a conspirator electronically signed a rental agreement with Company-1 for a trailer with California License Plate-1.

Overt Act No. 2: On May 27, 2024, a conspirator electronically signed a rental agreement with Company-1 for trailers, including those with California License Plate-1, California License Plate-2, and California License Plate-3.

  Overt Act No. 3: On May 28, 2024, a conspirator electronically signed a rental agreement with Company-1 for a trailer with California License Plate-4.

  Overt Act No. 4: In or about April 2024, defendants A. SINGH and N. SINGH met with the owner of Company-2 and rented trailers from Company-2, including trailers with California License Plate-5 and California License Plate-6.

  Overt Act No. 5: On September 28, 2024, defendants A. SINGH, posing as "Vicky Koshal," N. SINGH, posing as "Harry Sandhu," and B. SINGH rented trailers from Company-3 in Grand Prairie, Texas, including Trailer-1.

### Z&F Transportation LLC

  Overt Act No. 6: On March 17, 2024, defendant A. SINGH met with the owner of Z&F Transportation LLC in Denton, Texas, to purchase the carrier for approximately $22,000.

  Overt Act No. 7: On March 27, 2024, defendant N. SINGH, on behalf of Z&F Transportation LLC, picked up a load of cargo in Fontana, California, and never delivered it to its intended destination.

  Overt Act No. 8: On March 28, 2024, a conspirator, on behalf of Z&F Transportation LLC, picked up a load of cargo in Vernon, California, and never delivered it to its intended destination.

### Salem Express LLC

  Overt Act No. 9: On April 29, 2024, defendant B. SINGH, on behalf of Salem Express LLC, picked up a load of cargo in Fontana, California, and never delivered it to its intended destination.

  Overt Act No. 10: On May 1, 2024, defendant B. SINGH, posing as "Randeep Omni," on behalf of Salem Express LLC, picked up a load

of cargo in Santa Fe Springs, California, using a tractor with California License Plate-9, and never delivered it to its intended destination.

Overt Act No. 11:  On May 2, 2024, defendant N. SINGH, on behalf of Salem Express LLC, picked up a load of cargo in Sante Fe Springs, California, using a tractor with California License Plate-8 and a trailer with California License Plate-5, and never delivered it to its intended destination.

Overt Act No. 12:  On May 2, 2024, defendant B. SINGH, posing as "Randeep Omni," on behalf of Salem Express LLC, picked up a load of cargo in Sante Fe Springs, California, using a tractor with California License Plate-9 and trailer with California License Plate-6, and never delivered it to its intended destination.

*Sure Dispatch Services LLC*

Overt Act No. 13:  On May 15, 2024, defendant KHALSA, on behalf of Sure Dispatch Services LLC, picked up a load of cargo in Fontana, California, using a tractor with California License Plate-9, and never delivered it to its intended destination.

Overt Act No. 14:  On May 16, 2024, defendant N. SINGH, on behalf of Sure Dispatch Services LLC, picked up a load of cargo in Fontana, California, using a tractor with California License Plate-8, and never delivered it to its intended destination.

Overt Act No. 15:  On May 16, 2024, defendant KHALSA, on behalf of Sure Dispatch Services LLC, picked up a load of cargo in Fontana, California, and never delivered it to its intended destination.

*Skyways Truckline Inc.*

Overt Act No. 16:  On May 28, 2024, defendant KHALSA, on behalf of Skyways Truckline Inc., picked up a load of cargo in Fontana,

5

California, using a tractor with California License Plate-8 and trailer with California License Plate-1, and never delivered it to its intended destination.

Overt Act No. 17:  On May 29, 2024, defendant B. SINGH, on behalf of Skyways Truckline Inc., picked up a load of cargo in Fontana, California, using a tractor with California License Plate-9.

Overt Act No. 18:  On May 29, 2024, defendant KHALSA, on behalf of Skyways Truckline Inc., picked up a load of cargo in Fontana, California.

Overt Act No. 19:  On May 29, 2024, defendant HIMMAT, on behalf of Skyways Truckline Inc., attempted to pick up a load of cargo in Perris, California, but was rejected by the shipper.

Overt Act No. 20:  On May 30, 2024, instead of defendant HIMMAT picking up the cargo described in Overt Act No. 19, defendant N. SINGH, on behalf of Skyways Truckline Inc., picked up the load of cargo in Perris using a tractor with California License Plate-8 and a trailer with California License Plate-2.

Overt Act No. 21:  On May 31, 2024, defendant N. SINGH, on behalf of Skyways Truckline Inc., picked up a load of cargo in Irwindale, California, and never delivered it to its intended destination.

Overt Act No. 22:  On May 31, 2024, defendant KHALSA, on behalf of Skyways Truckline Inc., picked up a load of cargo in Fontana, California, using a tractor with California License Plate-9, and never delivered it to its intended destination.

Overt Act No. 23:  On June 3, 2024, defendant N. SINGH, on behalf of Skyways Truckline Inc., picked up a load of cargo in City

of Industry, California, using a tractor with California License Plate-8, and never delivered it to its intended destination.

Overt Act No. 24:  On June 3, 2024, defendant KHALSA, on behalf of Skyways Truckline Inc., picked up a load of cargo in Long Beach, California, using a tractor with California License Plate-9 and a trailer with California License Plate-3, and never delivered it to its intended destination.

Overt Act No. 25:  On June 4, 2024, defendant N. SINGH, on behalf of Skyways Truckline Inc., picked up a load of cargo in City of Industry, California, using a tractor with California License Plate-8, and never delivered it to its intended destination.

*TPG Transport LLC*

Overt Act No. 26:  On July 3, 2024, defendant V. SINGH, on behalf of TPG Transport LLC, picked up a load of cargo in Compton, California, and never delivered it to its intended destination.

Overt Act No. 27:  On July 7, 2024, defendant N. SINGH, on behalf of TPG Transport LLC, picked up a load of cargo in Signal Hill, California, using a tractor with California License Plate-8 and a trailer with California License Plate-4, and never delivered it to its intended destination.

Overt Act No. 28:  On July 8, 2024, defendant B. SINGH, posing as "Harman Sidhu," on behalf of TPG Transport LLC, picked up a load of cargo in Commerce, California, and never delivered it to its intended destination.

Overt Act No. 29:  On July 8, 2024, defendant B. SINGH, posing as "Harman Sidhu," on behalf of TPG Transport LLC, picked up a load of cargo in Fontana, California, using a tractor with California License Plate-9, and never delivered it to its intended destination.

<u>Overt Act No. 30</u>: On July 9, 2024, defendant V. SINGH, on behalf of TPG Transport LLC, picked up a load of cargo in Fontana, California, using a tractor with California License Plate-8.

<u>Overt Act No. 31</u>: On July 10, 2024, defendant V. SINGH, on behalf of TPG Transport LLC, picked up a load of cargo in Long Beach, California, using a tractor with California License Plate-9, and never delivered it to its intended destination.

<u>Overt Act No. 32</u>: On July 11, 2024, defendant V. SINGH, on behalf of TPG Transport LLC, picked up a load of cargo in Pico Rivera, California, using a tractor with California License Plate-9 and a trailer with California License Plate-3.

<u>Overt Act No. 33</u>: On July 11, 2024, defendant A. SINGH sent an image of the rate confirmation for the shipment described above in Overt Act No. 32 to defendant V. SINGH.

*Other Carriers*

<u>Overt Act No. 34</u>: On May 14, 2024, defendant B. SINGH, posing as "Harman Sidhu," on behalf of Tri State Distributors, picked up a load of cargo in Commerce, California, and never delivered it to its intended destination.

<u>Overt Act No. 35</u>: On July 9, 2024, defendant N. SINGH, on behalf of SS Bros Trucking Incorporated, picked up a load of cargo in Compton, California, and never delivered it to its intended destination.

<u>Overt Act No. 36</u>: On July 9, 2024, defendant B. SINGH, posing as "Harman Sidhu," on behalf of SS Bros Trucking Incorporated, picked up a load of cargo in Compton, California, and never delivered it to its intended destination.

<u>Overt Act No. 37</u>:  On July 24, 2024, defendant V. SINGH, on behalf of JM Freight Service LLC, picked up a load of cargo in Chino, California, and never delivered it to its intended destination.

<u>Overt Act No. 38</u>:  On August 15, 2024, defendant N. SINGH, posing as "Harry Sandhu," on behalf of Snyper Transportation, picked up a load of cargo in City of Industry, California, and never delivered it to its intended destination.

<u>Overt Act No. 39</u>:  On October 16, 2024, defendant B. SINGH, posing as "Harman Sidhu," on behalf of Seaford Express Inc., picked up a load of cargo in Ft. Worth, Texas, using Trailer-1, and never delivered it to its intended destination.

<u>Overt Act No. 40</u>:  On June 13, 2025, defendant B. SINGH, on behalf of Adnan Express LLC, picked up a load of cargo in Perryville, Maryland, and never delivered it to its intended destination.

COUNT TWO

[18 U.S.C. § 371]

[ALL DEFENDANTS]

A.   OBJECT OF THE CONSPIRACY

Beginning on an unknown date, but no later than March 2024, and continuing through at least June 2025, in Los Angeles, San Bernardino, and Riverside Counties, within the Central District of California, and elsewhere, defendants ARSHPREET SINGH, aka "Vicky Koshal," NARAYAN SINGH, aka "Harry Sandhu," BIKRAMJIT SINGH, aka "Randeep Omni," aka "Harman Sidhu," VIKRAMJEET SINGH, and HIMMAT SINGH KHALSA, conspired with each other and with others known and unknown to the Grand Jury to commit theft from interstate or foreign shipments, in violation of Title 18, United States Code, Section 659.

B.   MANNER AND MEANS OF THE CONSPIRACY

The Grand Jury hereby repeats and realleges the Manner and Means of the Conspiracy as set forth in Section B of Count One of this Indictment as if fully set forth herein.

C.   OVERT ACTS

In furtherance of the conspiracy and to accomplish its object, on or about the following dates, defendants ARSHPREET SINGH, aka "Vicky Koshal," NARAYAN SINGH, aka "Harry Sandhu," BIKRAMJIT SINGH, aka "Randeep Omni," aka "Harman Sidhu," VIKRAMJEET SINGH, and HIMMAT SINGH KHALSA, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Acts Nos. 1-40:   The Grand Jury hereby repeats and realleges Overt Acts 1 through 40 as set forth in Section C of Count One of this Indictment as if fully set forth herein.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One and Two of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

   (a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes Section

KEDAR S. BHATIA
Assistant United States Attorney
Public Corruption and Civil Rights Section

12